UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Benjamin Erik Rishel, as the
Administrator of the Estate of
Rustin Jeannine Stein, Deceased

(Enter above the full name of plaintiff in this action)

v.

Adams County, Pennsylvania
PrimeCare Medical, INC

(Enter above the full name of the defendant(s) in this action)

CIVIL CASE NO: 1:26-CV-03216
(to be supplied by Clerk of the District Court)

FILED
HARRISBURG, PA
OCT 30 2026
PER ____ DEPUTY CLERK

COMPLAINT

1. The plaintiff Benjamin Erik Rishel, as Administrator of the Estate of Rustin Jeannine Stein, Deceased a citizen of the County of York State of Pennsylvania, residing at 6051A Carlton Ave Spring Grove, Pennsylvania 17362 wishes to file a complaint under 42 USC Section 1983 - Violation of Civil Rights under the Fourteenth Amendment to the United States Constitution

(give Title No, etc.)

42 USC Section 1983 - Violation of Civil Rights under the Fourteenth Amendment to the United States Constitution

2. The defendant is Adams County, Pennsylvania
PrimeCare Medical,INC

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper exhibits that give further information of your case, attach them to this completed form. Use as much space as you need. Attach extra sheet(s) if necessary) ____

3. (CONTINUED) Plaintiff alleges violations of Rustin Jeannine Stein's Constitutional Right to adequet medical care while detained at Adams County Adult Correctional Complex before her death on November 1, 2024. The Estate disputes the adequacy and timing of medical intervention and seek outstanding records identifying responsible personnel and policies. see attached 42 USC section 1983 complaint attached.

4. WHEREFORE, plaintiff prays that The Court enter judgement for Plaintiff and award all legally recoverable compensatory and nominal damages against any property named and individually liable persons, cost and interests permitted by law, trial by jury, and such further relief as the Court deems Just.

(Signature of Plaintiff)

Benjamin Erik Rishel
(Printed Name of Plaintiff)

6051A Carlton Avenue
Spring Grove, Pennsylvania 17362
(Address of Plaintiff)

717-472-2083
(Phone Number of Plaintiff)

FILED
HARRISBURG, PA
OCT 30 2026
PER
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN ERIK RISHEL, as Administrator of the Estate of RUSTIN JEANNINE STEIN, deceased,
Plaintiff,
v.
ADAMS COUNTY, PENNSYLVANIA; and PRIMECARE MEDICAL, INC.,
Defendants.

**Civil Action No.** 1:26-cv-03216

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 — JURY TRIAL DEMANDED**

**I. NATURE OF ACTION; JURISDICTION AND VENUE**

1. This action concerns alleged violations of Rustin Jeannine Stein's constitutional right to appropriate medical care while held at Adams County Adult Correctional Complex before her death November 1, 2024. Plaintiff asserts only rights that lawfully passed to the Estate.

2. Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3) for claims arising under 42 U.S.C. § 1983 and the Fourteenth Amendment, subject to confirmation of Rustin's constitutional custody classification.

3. Venue lies in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b) because the relevant correctional facility and emergency response were located in Adams County.

## II. PARTIES AND CUSTODY

4. Benjamin Erik Rishel was granted Letters of Administration on April 7, 2025, York County Estate No. 6725-0688.

5. Adams County is responsible for aspects of the operation of the Adams County Adult Correctional Complex. The allocation of its duties among county correctional employees, a medical contractor and federal authorities remains to be established.

6. PrimeCare Medical, Inc. has been identified in the materials as the reported provider of medical services at the facility. The operative contract, dates of coverage, applicable policies, employment relationships and staff assignments have not been supplied.

7. Rustin was in custody at the Complex pursuant to an arrangement involving the U.S. Marshals Service. A federal hold does not itself transform state and private jail personnel into federal employees. The U.S. Marshals Service is not named as a § 1983 defendant.

## III. CHRONOLOGY AND RECORD-BASED ALLEGATIONS

8. Rustin had been incarcerated following York County proceedings earlier in 2024. Her precise transfer date, custody status, and medical-care providers during each period require confirmation.

9. Family information indicates that, before November 1, 2024, possibly during the preceding week, Rustin appeared ill or reported symptoms. The Estate has not yet obtained the medical requests, nursing notes, sick-call logs or shift-level records needed to identify who was notified and what action was taken.

10. The available emergency chronology places emergency dispatch at approximately 5:57 a.m. on November 1, 2024; arrival at the facility at approximately 6:01 a.m.; patient contact at approximately 6:02 a.m.; ambulance departure at approximately 6:40 a.m.; hospital arrival at approximately 6:45 a.m.; and death at approximately 6:47 a.m. Each time requires confirmation against original dispatch, EMS and hospital records.

11. Postmortem materials identify pulmonary arterial thromboembolism originating from deep-vein thrombosis of the left lower extremity. That medical finding establishes a reported cause of death, not by itself a preventable condition, constitutionally deficient care, or causation attributable to any Defendant.

12. The Estate served preservation requests concerning detention, medical, staffing, emergency-response and surveillance records. A January 30, 2026 response from counsel for the correctional facility acknowledged preservation steps but did not supply the complete underlying medical and correctional record.

13. The Estate seeks contemporaneous jail, contractor and hospital records to establish whether Rustin exhibited recognizable symptoms, sought attention, was examined or monitored, was denied or delayed care, and whether a causally relevant policy or decision existed.

**SUPPLEMENTAL FACTUAL ALLEGATIONS — DISPUTED MEDICAL-EMERGENCY CHRONOLOGY**

14. A published account reproduced in Discovery Part 4, page 30, attributes to county officials a medical emergency beginning at approximately 5:46 a.m. on November 1, 2024, and describes Rustin as in cardiac arrest when emergency medical personnel arrived, with correctional staff reportedly performing CPR beforehand. This is an attributed news account, not a substitute for the underlying contemporaneous records.

15. The separately reported emergency-response chronology identifies an EMS dispatch at approximately 5:57 a.m., arrival at the correctional facility at approximately 6:01 a.m., patient contact at approximately 6:02 a.m., departure from the facility at approximately 6:40 a.m., arrival at WellSpan

Gettysburg Hospital at approximately 6:45 a.m., and a reported time of death of approximately 6:47 a.m.

16. The reported first emergency and EMS dispatch describe different milestones, not necessarily conflicting accounts of the same event. The approximately eleven-minute interval between them requires reconciliation with the jail incident report, first-observation time, 911 call records and audio, resuscitation records, EMS patient-care narrative, and hospital documentation. That reported interval does not by itself establish when personnel recognized an emergency or whether any delay was unjustified. The reported onset of cardiac arrest and the postmortem finding of pulmonary thromboembolism are not inherently inconsistent; an embolism may precipitate cardiac arrest.

17. Family-provided information also describes illness or symptoms before the final emergency. The Estate seeks the available nursing notes, sick-call and medication records, observations, staffing logs, policies, and communications to determine whether personnel had notice of a serious medical need, what response occurred, and whether any constitutionally culpable action or omission caused injury.

## IV. CLAIMS AND PARTICULARIZATION REQUIRED

18. COUNT I — Fourteenth Amendment: constitutionally inadequate medical care. If Rustin was a pretrial detainee, her medical-care rights arise

under the Due Process Clause. The claim requires adequately alleged and proved facts connecting a serious medical need, the constitutionally deficient conduct of a responsible actor, and the resulting injury. Mere malpractice or an adverse outcome does not suffice. The present materials do not yet identify the person, date and response that would substantiate a deliberate-indifference allegation, and no unknown person is accused of a specific act without proof. Pleading and proof are distinct: any factual contention identified as requiring further investigation remains subject to Federal Rule of Civil Procedure 11(b)(3).

19. COUNT II — Municipal and private-contractor liability under § 1983. The asserted basis for entity liability is a policy, custom or qualifying deliberate-indifference failure that caused the alleged constitutional violation, not liability solely for employing caregivers. Adams County or PrimeCare cannot be held liable solely for employing caregivers. A constitutional claim against either entity requires an adequately identified policy, custom or qualifying deliberate-indifference failure and its causal connection to the alleged violation. The record does not yet identify a particular actionable policy, policymaker, repeated practice or causal mechanism; the requisite allegations must therefore be substantiated before treating this count as sufficient.

## V. OTHER REMEDIES KEPT DISTINCT

20. This complaint asserts the federal § 1983 claims described above; it does not assert a distinct potential Federal Tort Claims Act claim against the U.S. Marshals Service. The previously submitted SF-95 concerns that separate potential claim. Any Pennsylvania survival or wrongful-death causes of action, including medical professional-negligence theories, require independent analysis of standing, limitations, Pennsylvania procedural law and certificates of merit where applicable. Nothing in this federal § 1983 pleading starts a separate state tort action or exhausts federal administrative remedies.

21. An amendment to add later-discovered individuals, policies or different claims is governed by Rule 15 and applicable limitations and relation-back requirements. Permission to amend and relation back to the original filing date are separate questions. Under Rule 15(c)(1)(C), an amendment changing a defendant must satisfy the same-conduct, transaction, or occurrence requirement and the applicable timely-notice and identity-mistake requirements; other applicable relation-back grounds remain subject to governing law. The absence of information or a statement reserving rights does not guarantee that amendment will be allowed or that a later-added claim or defendant will relate back.

## NOTICE OF OUTSTANDING RECORDS AND INTENT TO SEEK LEAVE TO SUPPLEMENT OR AMEND

22. Plaintiff has requested records relevant to the events alleged in this Complaint, including materials concerning the identities and conduct of persons involved, applicable policies and procedures, and the documentary basis for challenged decisions. Plaintiff contends that certain requested information has not been furnished, that some requests have received no substantive response, and that other responses have cited unavailable, nonexistent, exempt, or sealed records.

23. The absence of those records limits Plaintiff's present ability to identify every potentially responsible participant and describe all relevant conduct with greater particularity. Plaintiff accordingly pleads facts presently known or reasonably supported by available materials and does not ask the Court to infer liability from a failure to produce records alone. Any factual contention requiring further investigation must be specifically identified and satisfy Federal Rule of Civil Procedure 11(b)(3); an unanswered question about possible misconduct is not itself an allegation that misconduct occurred.

24. Plaintiff anticipates seeking records through the discovery procedures authorized by the Federal Rules of Civil Procedure and, when warranted, requesting appropriate judicial orders compelling production, subject to

relevance, privilege, confidentiality, sealing, and other governing limitations.

25. If material evidence identifies additional facts, responsible persons, or properly supported claims concerning events preceding this pleading, Plaintiff intends to pursue amendment as appropriate under Federal Rule of Civil Procedure 15(a), including amendment as of course when available or a request for leave when required, subject to any applicable scheduling orders. For transactions, occurrences, or events happening after the date of this pleading, Plaintiff intends to request leave to supplement as appropriate under Rule 15(d) and any applicable scheduling orders. Neither procedure establishes relation back by itself. Plaintiff does not contend that this notice, a future addendum, or a request for records independently tolls a statute of limitations, relates a later claim back, excuses service, or preserves an otherwise untimely claim.

26. Plaintiff respectfully requests a fair opportunity for discovery and any case-management relief the Court determines appropriate; nothing in this section is a request for immediate discovery or an order directing production before the applicable procedural requirements have been satisfied.

**PRAYER FOR RELIEF**

- Compensatory damages recoverable by the Estate for proven constitutional injury, subject to proof of causation and governing survival law;
- Appropriate nominal damages if a constitutional violation is proved but compensatory damages are not;
- Punitive damages, if legally supported, only against individually named defendants and not against a municipality or governmental entity;
- Recoverable costs and fees only as authorized by applicable law;
- Trial by jury on all triable issues; and
- Such other relief as the Court determines lawful and appropriate to the claims asserted in this medical-care action.

**JURY DEMAND**

Plaintiff demands trial by jury on every issue so triable.

Dated:

Signature: By: Benjamin Erik Rishel

Benjamin Erik Rishel, Administrator of the Estate of Rustin Jeannine Stein

Estate No. 6725-0688

General Delivery, York, PA 17405

Telephone: 717-472-2083 | Email: digitalneb@yahoo.com

Plaintiff signs only in the stated capacity as Administrator; counsel and representation questions must be resolved under applicable federal law.